# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JET CO., INC.,<br><br>   Plaintiff,<br>vs.<br><br>THOR INDUSTRIES, INC. and POSTLE OPERATING, L.L.C., d/b/a POSTLE ALUMINUM CO.,<br><br>   Defendants. | No. C16-3005-MWB<br><br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT POSTLE OPERATING, L.L.C.'S MOTION TO TRANSFER VENUE** |

_____

## TABLE OF CONTENTS

*I.*  *INTRODUCTION AND BACKGROUND* ............................................................. *2*

*II.*  *LEGAL ANALYSIS* ................................................................................................. *4*
  *A.*  *Standards For Motions To Transfer* ............................................................. *4*
  *B.*  *Applicability Of Forum Selection Clause* ..................................................... *7*
  *C.*  *Effect Of Forum Selection Clause* ............................................................... *10*

*III.*  *CONCLUSION* ....................................................................................................... *11*

    Before the parties get to the merits of the dispute at issue in this case, I must decide whether the Hawkeye State or the Hoosier State is the appropriate forum for this dispute. Although plaintiff Jet Co., Inc. ("Jet"), an Iowa corporation, filed this case in the Northern District of Iowa, defendant Postle Operating, L.L.C., d/b/a Postle Aluminum Co. ("Postle"), a Delaware limited liability company with its principal place of business in

Elkhart, Indiana, contends that forum selection clauses in two of the parties' agreements require me to transfer it to the Northern District of Indiana in South Bend, Indiana.

## *I.  INTRODUCTION AND BACKGROUND*

On December 31, 2015, Jet filed a petition in the Iowa District Court for Humboldt County naming Postle and Thor Industries, Inc. ("Thor") as defendants. On January 20, 2016, defendants filed a notice of removal to this court on the basis of diversity jurisdiction.

Jet alleges that it is an Iowa corporation with its principal place of business in Humboldt, Iowa. It contends that Postle is a Delaware limited liability company with its principal place of business in Elkhart, Indiana, and Thor is a Delaware limited liability company with its principal place of business in Elkhart, Indiana. Jet alleges that Thor acquired Postle on May 1, 2015.

Jet manufacturers and sells aluminum grain trailers. Jet's claims against Postle and Thor arise from Jet's purchase of aluminum rails known as 6061-T6 aluminum extrusion 2x5 top tubes from Postle ("Postle aluminum tubes"). Jet alleges that it purchased Postle aluminum tubes from 2006 through 2014 and incorporated them into certain aluminum grain trailers. Jet purchased the Postle aluminum tubes on credit pursuant to two credit agreements, one dated February 8, 1996 ("the 1996 Agreement") and the other dated September 25, 2007 ("the 2007 Agreement").

The 1996 Agreement reads, in pertinent part:

> For the purpose of opening an account with Postle Distributors Inc, (Postle), I understand and agree to the following:
>
> . . . .
>
> D.) In the event that failure to pay any indebtedness to Postle in accordance with their terms leads to an action for recovery by Postle, Postle shall be entitled to recover from the applicant all costs and expenses, including to attorney fees, incurred in such action. The undersigned irrevocably consents to the subject matter and personal jurisdiction of any state or federal court selected by

2

> Postle located in Elkhart or St. Joseph Counties, Indiana, concerning any dispute related to this credit agreement or transactions to which the credit agreement relates.

The 1996 Agreement at 1. Similarly, the 2007 Agreement reads, in relevant part, as follows:

> For the purpose of opening an account with Postle Aluminum Company (Postle), I understand and agree to the following:
>
> A.) Postle makes no warranties that any goods sold shall be merchantable or fit for any particular purpose. Unless otherwise agreed to by Postle in writing, all standard mill tolerances apply.
>
> B.) Postle shall not be liable for any damages resulting from delays or failure in performance or delivery.
>
> . . . .
>
> D.) Should failure to pay any indebtedness to Postle in accordance with their terms lead to an action for recovery by Postle, Postle shall be entitled to recover from Applicant all related costs and expenses, including to attorney and collection agency fees, incurred in such action. The undersigned irrevocably consents to the exclusive subject matter and personal jurisdiction of any state or federal court selected by Postle located in Elkhart or St. Joseph Counties Indiana, Lowndes County Georgia or Yolo County California, concerning any dispute relating to this credit agreement or transactions to which this credit agreement relates and agrees that any litigation relating to such dispute shall be brought and maintained only in such courts.

The 2007 Agreement at 1.

Jet used the Postle aluminum tubes to increase the rigidity of the top of the aluminum trailer walls. Jet alleges that the Postle aluminum tubes did not have the warranted strength and hardness levels, and were otherwise defective. As a result, Jet

3

contends that some of its customers experienced buckling in the walls and top rails of some trailers. Jet asserts claims against Postle and Thor for "manufacturing defect," breach of express warranty, and breach of the implied warranty of merchantability.

Invoking the forum selection clauses in the 1996 and 2007 Agreements, Postle filed a Motion To Transfer in which its seeks to transfer this case to the Northern District of Indiana in South Bend, Indiana. Jet has resisted Postle's motion. Jet contends that the forum selection clauses are inapplicable to the dispute at issue here. Postle filed a timely reply on April 18, 2016.

## II.  LEGAL ANALYSIS
### A.  Standards For Motions To Transfer

Title 28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S. C. § 1404(a). In the "typical case," a court considering a § 1404(a) motion "must evaluate both the convenience of the parties and various public-interest considerations" to determine if a transfer is warranted. *Atlantic Marine Constr. Co. v. United States Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013). In such an analysis, the plaintiff's choice of forum, the "plaintiff's venue privilege," is entitled to ""some weight,' and the burden rests with the moving party to overcome that weight by showing that parties' private interests and other public-interest considerations militate in favor of transfer.[1] *Id.* at 581 & n. 6.

---

[1]The Supreme Court observed that:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of

4

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Id.* at 581. Under that circumstance, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Moreover, the plaintiff's choice of forum "merits no weight," and a court "should not consider arguments about the parties' private interests." *Id.* at 581–82. To the contrary, because the parties have waived "the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation," "a district court may consider arguments about public-interest factors only." *Id.* at 582. Even then, public interest factors "will rarely defeat a transfer motion," and, as a result, "forum-selection clauses should control except in unusual cases. Although it is 'conceivable in a particular case' that the district court 'would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause,' *Stewart* [*Organization, Inc. v. Ricoh Corp*., 487 U.S. 22,] at 30–31 [(1988)], such cases will not be common." *Id.*

Although the Supreme Court did not distinguish between different kinds of forum selection clauses in its *Atlantic Marine* decision, the Eighth Circuit Court of Appeals recognizes both mandatory and permissive forum selection clauses. *See Dunne v. Libbra*, 330 F.3d 1062, 1063 (8th Cir. 2003). "Mandatory forum-selection clauses require a case

---

        view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotation marks omitted). Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Ibid.* (internal quotation marks omitted).

*Atlantic Marine Constr. Co.*, 134 S. Ct. at 581 n. 6.

to be brought in an identified venue based on specific language indicating the parties' intent to make jurisdiction exclusive." *High Plains Const., Inc. v. Gay*, 831 F. Supp.2d 1089, 1102 (S.D. Iowa 2011) (internal citations and quotation marks omitted); *see Datacard Corp. v. Softek, Inc.*, 645 F. Supp.2d 722, 729 (D. Minn. 2007); *Florida State Bd. of Admin. v. Law Eng'g & Envtl. Servs., Inc.*, 262 F. Supp.2d 1004, 1009 (D. Minn. 2003). "Permissive forum-selection clauses, on the other hand, constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." *High Plains Const., Inc.*, 831 F. Supp.2d at 1102; *see Datacard Corp.*, 645 F. Supp.2d at 729; *Florida State Bd. of Admin.*, 262 F. Supp.2d at 1009. *Atlantic Marine* discussed a mandatory forum selection clause where "a plaintiff agrees by contract to bring suit only in a specified forum." *Atlantic Marine*, 134 S. Ct. at 582. Thus, *Atlantic Marine's* limitations on § 1404(a) transfer analysis are restricted to cases involving mandatory forum selection clauses. *See RELCO Locomotives, Inc. v. AllRail, Inc.*, 4 F. Supp. 3d 1073, 1085 (S.D. Iowa 2014) ("Because *Atlantic Marine's* discussion of forum-selection clauses describes those where 'a plaintiff agrees by contract to bring suit only in a specified forum,' the Court finds that the opinion contemplated only mandatory forum-selection clauses when assessing their effect on forum non conveniens analysis."); *see also Perficient, Inc. v. Priore*, No. 4:16CV249CDP, 2016 WL 866090, at *3 (E.D. Mo. Mar. 7, 2016) ( "The *Atlantic Marine* analysis, however, does not apply where the forum selection clause is permissive rather than mandatory."); *United States ex rel. MDI Servs., LLC v. Fed. Ins. Co.*, No. 5:13–cv–2355(AKK), 2014 WL 1576975, at *3 (N.D. Ala. Apr. 17, 2014) ("Accordingly, the considerations relevant to altering § 1404(a) analysis [under *Atlantic Marine* ] for mandatory forum-selection clauses would not apply in this case if Plaintiffs are correct that the Subcontract's forum-selection clause is permissive."). *But see Radian Guaranty, Inc. v. Bolen*, 18 F. Supp.3d 635, 651 (E.D. Pa. 2014) ("Without deciding that question, I agree generally with the Supreme Court that the existence of a forum selection clause of any kind significantly undercuts any argument that the

preselected forum is inconvenient for the parties or their witnesses."); *United American Healthcare Corp. v. Backs*, 997 F. Supp.2d 741 2014 WL 555194, at *7 (E.D. Mich. 2014) (rejecting defendants' argument that "*Atlantic Marine* does not apply here because this case involves a permissive forum selection clause whereas the forum selection clause at issue in *Atlantic Marine* was mandatory.").

### B. Applicability Of Forum Selection Clause

Initially, I must address whether either of the forum selection clauses identified by Postle are applicable to the type of claims asserted in this lawsuit.[2] Jet contends that neither forum selection clause is relevant to the claims here. Jet argues that the forum selection clauses "apply to disputes relating to 'an account' opened by Jet Co. with Postle. . .But this case has nothing to do with an 'account.' It has everything to do with defective products and warranties made." Plaintiff's Br. at 6. Thus, interpreting the language of the forum selection clauses is necessary to my § 1404(a) transfer analysis. "Whether . . . claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 693 (8th Cir. 1997) (citation and internal quotation marks omitted).

The language in the forum selection clause in the 1996 Agreement varies significantly from the forum selection clause in the 2007 Agreement in one important aspect. The forum selection clause in the 1996 Agreement states, in relevant part, that:

> The undersigned *irrevocably consents to the subject matter and personal jurisdiction* of any state or federal court selected by Postle located in Elkhart or St. Joseph Counties, Indiana,

---

[2]Jet does not contend that the forum-selection clauses are invalid due to fraud, duress, misrepresentation, or other misconduct.

7

> concerning any dispute related to this credit agreement or transactions to which the credit agreement relates.

The 1996 Agreement at 1 (emphasis added). There is no language in this forum selection clause that, in its ordinary meaning, would suggest that the consented to forum is the exclusive forum in which suits can be brought. *See Dunne*, 330 F.3d at 1064. This forum selection clause does not use any words of exclusivity, such as "exclusive," "only," "must," or "shall." *Id.* In *Dunne*, the Eighth Circuit Court of Appeals concluded that the clause "the parties consent to jurisdiction" was permissive because it "does not use the words 'exclusive,' 'only,' 'must,' or any other terms that might suggest exclusivity." *Id.* at 1063-64. Likewise, given the total lack of words of exclusivity in the 1996 Agreement, I find that the forum selection clause in the 1996 Agreement was considered permissive by the parties at the time that agreement was executed. *See id.; see also Autoridad de Energia Electrica de Puerto Rico v. Ericsson Inc.*, 201 F.3d 15, 18-19 (1st Cir. 2000) (finding forum selection clause that stated parties "expressly submit to the jurisdiction of all Federal and State Courts in Florida" to be "an affirmative conferral of personal jurisdiction by consent, and not a negative exclusion of jurisdiction in other courts.").

In stark contrast, the forum selection clause in the 2007 Agreement provides, in pertinent part, that:

> The undersigned *irrevocably consents to the exclusive subject matter and personal jurisdiction* of any state or federal court selected by Postle located in Elkhart or St. Joseph Counties Indiana, Lowndes County Georgia or Yolo County California, concerning any dispute relating to this credit agreement or transactions to which this credit agreement relates *and agrees that any litigation relating to such dispute shall be brought and maintained only in such courts.*

The 2007 Agreement at 1 (emphasis added). Unlike the forum selection clause in the 1996 Agreement, the language in this forum selection clause uses words of exclusivity: shall and exclusive. This choice of words indicates a clear intention that the forum selection

clause in the 2007 Agreement was considered mandatory by the parties at the time that agreement was executed. *See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984) (holding that the language, "this Agreement shall be litigated only in the Superior Court for Los Angeles (and in no other )," was mandatory); *Maley v. Design Benefits Plan, Inc.*, 125 F. Supp 2d 836, 838 (E.D. Tex. 2000) (finding a forum selection clause which provided that "[v]enue for any action, suit or other proceeding, including non-contract disputes, shall be exclusively in Winnebago County, Illinois," was mandatory); *see also Samuels v. Medytox Solutions, Inc.*, No. 13-7212, 2014 WL 4441943, at *7 (D.N.J. Sept. 8, 2014) (finding that "use of the word 'shall' renders the forum selection clause mandatory and not permissive").

Jet argues that the 2007 Agreement's forum selection clause was limited only to credit agreement disputes between it and Postle. I find that the 2007 Agreement's forum selection clause is quite broad, much broader than Jet asserts. First, the forum selection clause is part of an agreement that governs the parties' understanding of Postle's product warranties and obligations. Thus, the scope of the 2007 Agreement is broader than just credit disputes. Moreover, the forum selection clause clearly provides that it covers "*any dispute relating to this credit agreement or transactions to which this credit agreement relates*. . ." The 2007 Agreement at 1 (emphasis added). If, as Jet argues, the 2007 Agreement's forum selection clause was limited only to credit agreement disputes, there would be no need for the second part of the clause. Clearly, the dispute, here, over the quality of the Postle aluminum tubes purchased by Jet, constitutes a "dispute relating to this credit agreement or. . . [the] transactions." The transactions, of course, are Jet's purchase of the Postle aluminum tubes. These transactions, in turn, relate to the credit agreement since Jet purchased the Postle aluminum tubes on credit pursuant to the 2007 Agreement. Thus, I conclude that Jet's claims in this lawsuit all fall within the scope of the broad forum selection clause in the 2007 Agreement.

## C. Effect Of Forum Selection Clause

Because I have found the forum selection clause in the 2007 Agreement to be mandatory and the claims in this lawsuit to be covered by it, I must conduct a modified *Atlantic Marine* analysis instead of the traditional § 1404(a) analysis.

Jet's choice of forum and its arguments regarding private interest factors are not entitled to any weight. *See Atlantic Marine*, 134 S. Ct. at 581–82 (concluding that 'the plaintiff's choice of forum merits no weight,' and that the private interests are not relevant because "[w]hen parties agree to a forum selection clause, they waive the right to challenge the preselected forum"); *see also In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 294 (5th Cir. 2015) (recognizing that under *Atlantic Marine*, "[t]he plaintiff's choice of forum will not be given any weight, unlike in the ordinary FNC context."). Jet must establish that transfer to the Northern District of Indiana, the forum designated by the parties, is unwarranted and "that public-interest factors overwhelmingly disfavor a transfer." *Atlantic Marine*, 134 S. Ct. at 582–83; *see also In re Rolls Royce Corp.*, 775 F.3d 671, 674-83 (5th Cir. 2014) (discussing *Atlantic Marine*). The public interest factors I must consider are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *See American Dredging Co. v. Miller*, 510 U.S. 443, 447–49 (1994).

Jet incorrectly places on Postle the burden of establishing that the public interest factors favor transfer. Jet does not explain which of the four public interest factors that it believes weigh against transfer. Jet has, at most, set forth facts to establish a local interest in having this court consider the case because the "vast majority" of the owners of the Jet trailers containing allegedly defective Postle aluminum tubs are located in Iowa or an adjacent state. This showing does not establish that the four public interest factors "overwhelmingly disfavor a transfer." *Atlantic Marine*, 134 S. Ct. at 583. If Jet could

prevail on such an argument, then merely filing a lawsuit alleging that the majority of the those effected by the defendant's conduct live in a particular district would also be sufficient to make any such case one of those "most unusual cases" in which the public interest overwhelmingly disfavors transfer. *Atlantic Marine*, 134 S. Ct. at 583. I cannot square the logical conclusion of Jet's argument with the Supreme Court's directive in *Atlantic Marine* that the public interest "factors will rarely defeat a transfer motion" based on a forum selection clause. *Id.* at 582. Accordingly, I find that Jet had failed to sustain its heavy burden to demonstrate that public interest factors "overwhelmingly disfavor" transfer to the Northern District of Indiana under the 2007 Agreement's forum selection clause. Therefore, Postle's Motion To Transfer is granted.

### III.    *CONCLUSION*

For the reasons discussed above, Postle's Motion To Transfer is granted and this case is transferred to the Northern District of Indiana in South Bend, Indiana, pursuant to 28 U.S.C. § 1404(a). The Clerk of the Court is directed to effect the transfer.

**IT IS SO ORDERED**.

**DATED** this 25th day of April, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA